1
2
3
4
5
6
7
8
## UNITED STATES DISTRICT COURT

9
## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

DAVID B. TURNER, Jr.,
Booking #13719099,

Case No.    13cv2549 JLS (MDD)

13

Plaintiff,

**ORDER GRANTING**
**PLAINTIFF'S SECOND**

14

vs.

**MOTION FOR EXTENSION**
**OF TIME TO AMEND**

15
16

SAN DIEGO TROLLEY, et al.,

**[Doc. No. 8]**

17

Defendants.

18
19

## I.   PROCEDURAL HISTORY

20      David B. Turner, Jr. ("Plaintiff"), currently incarcerated at the Vista Detention

21  Facility in Vista, California, is proceeding pro se in this civil rights action, which he

22  initiated pursuant to 42 U.S.C. § 1983.  At the time he filed his Complaint, Plaintiff did

23  not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a

24  Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc.

25  No. 3).

26      On April 29, 2014, the Court granted Plaintiff leave to proceed IFP, but dismissed

27  his Complaint failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

28  *See* April 29, 2014 Order (ECF Doc. No. 4) at 8.  The Court further granted Plaintiff 45

days in which to file an Amended Complaint that addressed the deficiencies of pleading identified by the Court. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On June 5, 2014, Plaintiff submitted his first request for an extension of time in which to file his Amended Complaint. *See* Doc. No. 5 at 1. Plaintiff requested additional time in which to "properly amend" because he is "incapacitated" by his incarceration. *Id.*

On June 20, 2014, the Court granted Plaintiff's request, and gave him until July 28, 2014 to file his Amended Complaint. *See* June 20, 2014 Order (Doc. No. 6).

On July 22, 2014, just as his time was about to elapse, Plaintiff submitted yet another request for extension of time (Doc. No. 8). Plaintiff continues to claim he is "incapacitated" as a result of his incarceration, and that he is waiting to receive San Diego Police Department reports he needs to amend his Complaint. (ECF Doc. No. 8).

## II.   PLAINTIFF'S MOTION

As noted above, this is Plaintiff's second request for an extension of time, but he is still incarcerated and proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Thus, while almost four months have lapsed since Plaintiff's was originally apprised of the deficiencies in his original Complaint on April 29, 2014, the

1  Court finds good cause to grant him one *final,* but generous extension of time in which
2  to amend.  *Cf. Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while
3  a court's discretion in extending time [under FED.R.CIV.P. 4(m)] is broad, a plaintiff's
4  protracted and repeated requests for extension of time must end somewhere, for "no court
5  has ruled that the discretion is limitless."); *Dependable Highway Exp., Inc. v. Navigators*
6  *Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (noting district court's inherent authority
7  to control its docket and promote efficient use of judicial resources).

8  **III.   CONCLUSION AND ORDER**

9        Accordingly, **IT IS ORDERED** that:

10       1)     Plaintiff's Second Motion for an Extension of Time to Amend (ECF Doc.
11  No. 8) is **GRANTED**.  Plaintiff's Amended Complaint, should he elect to file one, must
12  be received by the Court no later than **Monday, October 6, 2014**.  Plaintiff is once again
13  cautioned that his Amended Complaint must address all the deficiencies of pleading
14  previously identified in the Court's April 29, 2014 Order (ECF Doc. No. 4), and must be
15  complete in itself without reference to his original Complaint.  *See* S.D. CAL. CIVLR 15.1;
16  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.
17  1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565,
18  567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original
19  complaint which are not alleged in an amended complaint are waived.").

20       2)     If Plaintiff elects *not* to file an Amended Complaint by October 6, 2014, this
21  civil action shall remain **DISMISSED** for failure to state a claim pursuant to 28 U.S.C.
22  § 1915(e)(2) and § 1915A(b) for all the reasons set forth in the Court's April 29, 2014
23  Order.

24

25  DATED:  August 21, 2014

26                                    *Janis L. Sammartino*
                                      Honorable Janis L. Sammartino
27                                    United States District Judge

28